v. Appellant 360Heroes, Inc. v. Appellant 360Heroes, Inc. v. Appellant 360Heroes, Inc. v. Appellant 360Heroes, Inc. v. Appellant 360Heroes, Inc. As I read the policy, which is the contract between 360Heroes and MSA, what they have a right to is a defense. You just said that the rates were decided pursuant to a rate agreement between GNA and MSA. Right, but as the insured, they're entitled to have the reasonable fees that are owed to the counsel they retained. Had the fees all been paid at that point with their outstanding bills? No, absolutely there were outstanding bills. And indeed they had monitoring counsel, Mr. Keller, who acknowledged... Just to be clear, the outstanding bills were for services rendered in defending the GoPro case? Absolutely, and they include those in defending the case through resolution at the ultimate settlement with GoPro. And Mr. Keller, who is the monitoring counsel at MSA, hired, conceded that there were a number of fees that were owed, that were approved by him as reasonable, that were not in fact paid. Why is there no agreement between GNA and 360Heroes in the record, making clear who controlled the retention and who was responsible for paying? Well, there's a confidential agreement between the parties, but there is a statement directly by Mr. Kintner in a declaration that is uncontroverted that said 360Heroes retained Gauntlet Associates to defend the GoPro lawsuit and went on to clarify that GNA was hired as independent counsel and that it was certainly the case that MSA never retained GNA. Our firm has never been other than independent counsel since the 40 years that I've been practicing. So the agreement could, for example, say that the engagement is both to pursue counterclaims as well as to provide a defense and where the law firm agrees not to come after 360Heroes if Main Street America doesn't pay the bills. It could have terms like that that mean that actually the dispute is over unless Main Street determines to pay. I mean that 360Heroes has no liability that's still pending. Is that possible? That's certainly untrue. I'm not saying it's true. I'm just saying it's possible because we don't have actually the retainer agreement in the record. You don't need the retainer agreement to know that given the declarations that have been filed with the court which were ignored by the district court that as retained independent counsel, GNA is entitled to be paid the reasonable amount of its fees and that having been retained as was initially true by Kirkland & Ellis, they have a fee agreement that requires the insured to pay all reasonable fees. If for whatever reason – So the Kinder declaration says that actually GNA issued its invoices directly to MSA for payment. So has GNA issued any invoices to 360Heroes for defense in the GoPro litigation? That would never be the case by any independent counsel. Kirkland & Ellis would always issue its bills directly to whoever was the payor when the payor was one other than the insured by arrangement. And so there's a very distinct role because of the ethical conflict that independent counsel has to perform its duties, and those obligations are payable as Keller, their monitoring agent, acknowledged. Subject only to the same criteria, we have vis-a-vis 360 that we don't get paid for unreasonable fees. If it were the case that you actually had some agreement with – that GNA had an agreement with 360Heroes that said, we're going to defend you and get paid only by MSA, and we're not going to bill you the balance. I'm not saying that that's true, but as Judge Carney said, let's hypothesize that for a second. And so nothing else would happen to 360Heroes regardless of how many fees are paid from MSA to GNA. Wouldn't it be the case that 360Heroes just no longer has an interest in this litigation? Well, not true because they have litigation insurance that they purchased, and they're entitled to be paid for the fees that they incurred through their independent counsel by having those – Right, but in my hypothetical, 360Heroes is not in fact incurring the fees because – Right, but they are in fact obligated to pay GNA per the contract with GNA as – Okay, so it is a crucial fact that – it is a crucial fact in this case that 360Heroes would be on the hook for the balance of whatever MSA refuses to pay. Is that right? That's a key fact. Well, I don't think that that's essential, but I think that the facts are evident that that in fact is the case. Mr. Gauntlet, you saved two minutes. Mr. Gauntlet, you saved two minutes for rebuttal. You exceeded eight minutes, but go ahead and finish your thought, and then we'll hear from the other side. Okay. Yeah, if you look at the briefing, it points out that it is evident that there is a right that GNA has to pursue claims against 360 pursuant to the terms of its arrangement, and indeed there are lien rights against the present patent infringement suit pending against GoPro, which is being pursued by Kirkland & Ellis, and the recovery in that suit is one that we can look to the payment of any fees that for whatever reason are reasonable but not paid by the carrier due to perhaps coverage issues. And remember, we're also coverage counsel and have a right to recover coverage fees in our view to the extent – In any event, whether you're right or wrong, these are all issues that need to be resolved, and therefore your position is that the case is not moved, right? Correct. Absolutely. All right. Let's hear from the other side. Mr. Ronan? Yes. Good morning, Your Honors, and may it please the Court. Yeah, so why isn't there still a controversy here as to whether there are still outstanding bills that need to be paid and to whom and whether there are separate agreements? Why isn't there still a continuing case or controversy? Well, there's absolutely a disagreement as between MSA and GNA. There is no case or controversy between MSA and 360Heroes anymore given the dismissal with prejudice of the underlying action at no cost to 360Heroes. But the bills have not been – there are bills that haven't been paid that have been rendered apparently. That's a dispute between GNA and MSA. There is no evidence in the record that 360Heroes has been adversely affected by MSA's conduct here, and that's the injury in fact element. Well, there is the assertion in the declaration from Mr. Kinter that 360Heroes is on the hook for any bills from GNA that aren't covered by MSA. So how do we know that that's not correct? And if it is correct or even if it's disputed, doesn't that mean that there's still a controversy? Well, there's no actual allegation or statement by Mr. Kinter that it owes – that 360Heroes owes GNA money. His statement that Mr. Kinter makes is – dances around the issue and says, well, we could be exposed to potential future harm, but it doesn't say we owe them money or we could owe them money. There's no invoice. There's no agreement in the record between GNA and 360Heroes. So this hypothetical notion that while we could be exposed, there's just no such evidence. And so even if you accept all the evidence and claims that have been made by 360Heroes is true, you still don't get – So you're saying – so I'm looking at the declaration now. So the declaration says 360Heroes cannot afford to pay the outstanding defense invoices in the GOPRO action. But you're saying you didn't directly say that they're actually going to be required to pay those invoices. Is that – Absolutely. You didn't – they don't say I owe them money and I can't pay it. The crucial part would be the I owe the money. That would be the adverse effect that's reported. But doesn't this at least suggest that they might be on the hook? And if that's a possibility, doesn't that not give them a continuing interest? Like how do we know that it's not a possibility? Because there's been no claim that that's the case. There's been no evidence that that's the case. If Kittner could have said we owe them money or we could owe them money, he just simply hasn't. So what allegation or claim that Kittner has made could the district court rely on to find a question of fact? There's been no claim that they owe money or could owe money, and so there's just simply no injury. It's as simple as that. And I just want to get to redressability. They're the party that received the benefit of the law firm's services, and to the extent there are bills seeking compensation for those services, I don't see how they have lost all connection or have no further stake in the ongoing dispute. Because there's no evidence in the record that they could ever have any kind of obligation to pay GNA for services if MSA doesn't. And if there was... Sorry, go ahead. Finish your answer. Oh, if there was an agreement that said, for example, if MSA doesn't pay, we will, it would be in the record. But if not... What about just by quantum merit? I mean, say MSA just stiffed them entirely and there were thousands of dollars outstanding and there was the ambiguity about whether some were related to pursuing the cross-claim that wasn't covered and so on. Why don't they still have an equitable stake and potential exposure? Because that would be an immediate and real injury. And so it would be purely hypothetical, and that's just not enough for standing at this point in time. I'm not sure. I don't know why it's hypothetical. I mean the law firm rendered services to 360, and as a matter of common sense, you would think that 360 is on the hook if it doesn't get paid. I mean it's possible that there is some kind of a side agreement, but no such agreement was produced either. So at a minimum, it seems to me there's still an issue there. Well, there's just nothing in the record that would support the notion... What about a client retaining a law firm to represent it to defend a case? The case settles, but as a matter of common sense, might there not be outstanding bills for services that have not yet been paid for? As common practice, when a client retains an attorney, they come to an agreement about how the attorney is going to get paid. There is no such agreement here. So I don't know how GNA could ever collect from 360. But as Judge Carney just asked, it's a matter of quantum merit. You don't need a written retainer agreement. Mr. Gauntlett trusts 360, and he's been doing it without a written agreement. Why isn't that a possibility? Because there's just no evidence that Gauntlett and Associates have any interest in making any kind of argument. That argument is absent from their papers, probably for reasons. Well, do you agree that the obligation of MSA to pay reasonable attorney's fees to GNA arises from the policy that was issued to 360Heroes? MSA owes an obligation to, yes, to pay reasonable attorney's fees to defend its insurers. Okay. So if that's true, then that means that 360Heroes bargained with MSA, developed a contract which is memorialized in the policy, and 360Heroes just has a contractual right that reasonable attorney's fees are paid to GSA. So I understand the money would be going – sorry, not GSA, GNA. I understand the money would be going to GNA, but isn't it 360Heroes' right under the contract to have that money paid even if it's to somebody else? But there's no adverse effect there, so there's no injury in fact. The fact that 360Heroes is – Well, I don't know. For whatever reason they have, they bargained with you and got you to agree to pay GNA, so maybe they just care that the money goes to GNA. I mean if that's their right under the contract, how can we say that they don't have any interest in the case? Because it's not concrete and particularized. And if you look at the U.S. Steel Co. case that we cited in our papers, it's not enough to be unhappy that you didn't get what you contracted for. There has to be a concrete and particularized injury. You have to be adversely affected. I'm looking at the declaration in paragraph 25, and it says, MSA's failure to pay all reasonable defense expenses in the GoPro action exposes 360Heroes to harm and damages for the past and ongoing unpaid defense expenses in that action. Why isn't that enough? That's pretty concrete. There's no explanation of what damage it could actually have, and it's not enough just to say we could be harmed in the future. It also says for past unpaid defense expenses, past and ongoing unpaid defense expenses. All right, we understand your point. What else do you want to tell us? Can I answer this question? The district court said that the fee dispute between MSA and GNA needs to be resolved by arbitration because of California Civil Code 2860. But you didn't seem to address that in your briefs before our court. So is it your position that the rate agreement, that any fee dispute between MSA and GSA needs to go to arbitration? Under California law, yes. That's GNA's path of recovery on the fees that it believes it's owed from MSA is through an action in its own name. Our argument is not that MSA is off the hook. The argument is that the dispute is between GNA and MSA, and those are the parties that should litigate the dispute. And if I just want to real quickly touch on redressability. You have one minute, but go ahead. You know, with redressability, the plaintiff has to be able to have its injury in fact, such as it exists, redressed by the court. And here, if 360Heroes gets what it wants, what that is, is MSA writing GNA a check. That does nothing for 360Heroes. It's not in any way impacted by the fact that MSA has a couple hundred thousand dollars less and GNA has a couple hundred thousand dollars more. Now, does the policy that you issued to 360Heroes, does it obligate you to pay these fees or the policy obligates you to provide a defense and the fees are due because of a separate rate agreement between MSA and GNA? How do the two things interact? Right. The policy says we will defend you and we will pay reasonable fees to do so, essentially. You know, and that's the dispute between GNA and MSA. There's no adverse effect here, though, for 360Heroes because it got exactly what it wanted. It got its defense. It paid nothing in the underlying action. It paid nothing to settle the underlying action. And now it's gone. There are no longer any claims against 360Heroes and it didn't pay a dime. So how could it possibly have been adversely affected? All right. Thank you. We have your point. We'll hear the rebuttal from Mr. Gauntlet. Yes. Paragraph 25 of the declaration says all that's needed. It's uncontroverted. There's no other evidence. It was ignored by the district court. And remember, the argument shifted from the straight standing argument that, gee, the case is over, so why are fees due to, oh, there's an agreement that renders GNA appointed counsel. Not so. We are independent counsel. As such, it's the conflict of interest that entitled… Well, you just said during your primary argument, acknowledge there is something that you called a rate agreement between… Yeah, but that's an agreement that independent counsel has to be reimbursed at a rate which is structured as good practices about how the fees will be paid. It is not the primary duty. And the law that applies here is the New York Coverage Law. We have a small company in upstate New York with a broker in New York. Well, if the primary – so that's fair. But if the primary duty arises from the policy, but MSA agrees that they're going to meet the reasonable fees, and there's just a dispute as to what reasonable fees are, and that's a matter of interpretation of the rate agreement. And aren't the appropriate parties to be resolving this question GNA and MSA? There is no agreement between GNA and MSA as to the independent counsel. You just said there was a rate agreement. law, that is decided by the insured. And paragraph 25 points out that he's on the hook if for whatever reason there's an issue about payment. They're trying to transform an agreement simply about how the fees will be paid that are owed to be an agreement as if we're appointed counsel when we're… Isn't paragraph 25 just conclusory? I mean it is the party. This 360 here is just stating we're exposed to harm and damages, but there's no – they don't have any documentation that there's any liability. And it's not going to complain because it was asserted. They just asserted we are exposed to harm. That would be a conclusory allegation of redressability. And unless you alleged facts substantiating it, we would not say that it was entitled to the presumption of truth. So why aren't there any invoices or agreements or anything that establishes that 360 here actually has a liability to GNA for the GOPRO litigation? Well, the actual agreement provides that they do have that obligation. It wasn't produced for the simple reason that it's confidential and there's no protective order. But the clear meaning of paragraph 3, read with 25, is that Kintner says, I retained them. I have an agreement with them. And the reason that they retained us was because we're also coverage counsel, and we got coverage in the first instance. And the work that we do also is independently billed to the insured for coverage work on top of and in addition to the defense work, which we're not seeking except for the bad faith part of the case. There's no case in which independent counsel has been deprived. I'm sorry. You just said you're not seeking fees from 360 heroes for the GOPRO litigation but only for the coverage and the bad faith part of the case. Is that right? No, I didn't say that. I said that we have been paid historically from them for the coverage fees. They are obligated. In fact, we have lien rights and they're pending patent infringement suit to any recovery there. And to the extent that there's a shortfall, which hasn't yet been determined because we're still in the process of pursuing reasonable fees that have been validated by their own monitoring counsel. And so not only is there obvious quantum merit, there's the fact that we're not appointed counsel. We're independent counsel. The insured to discharge its duty has to pay that counsel. What about what the district court said about how the fee dispute between MSA and GNA needs to be resolved through arbitration? Was that correct? That's California statute that doesn't apply under New York coverage law for the reasons I intimated. The only thing in California is an underlying lawsuit. But under New York coverage law, its coverage rules would require the application of New York coverage law to an insured in New York with a broker in New York with a claims representative denying in New York with alleged advertising conduct creating covered liability emanating from New York. There's just nothing that would have California law apply to the coverage issues, which are the issues as to what obligations the insured owes as a consequence of its duty to defend. Mr. Gauntlet, we have enough. We have your argument. The court will reserve a decision. The remaining three cases on the calendar are on submission. Accordingly, I'll ask the deputy to adjourn and everyone stay safe. Thank you. Thank you. Court sends adjourn.